IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00015-KDB-DCK

| | |
|---|---|
| MISTY MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Counts II, III and IV of the First Amended Complaint (Doc. No. 30). In that Amended Complaint, Plaintiff Misty Martin ("Martin") asserts putative collective and class action claims under the Fair Labor Standards Act ("FLSA"), North Carolina Wage and Hour Act ("NCWHA") and North Carolina common law against Defendant Lowe's Companies, Inc. ("Lowe's"), claiming that she was not fully paid for all the time that she worked as a customer service representative ("CSR") for Lowe's. More specifically, she alleges that she and similarly situated employees were not paid for the time they were required to spend logging into their computers and numerous necessary computer programs and applications prior to being allowed to "clock in" to Lowe's computer timekeeping system.

The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court finds that Plaintiff has plausibly alleged claims under the NCWHA (Count II) and for breach of contract (Count III) and unjust enrichment (Count IV). Therefore, Defendant's motion will be **DENIED**.

1

# I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id*. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

# II. FACTS AND PROCEDURAL HISTORY

Lowe's operates a nationwide chain of retail home improvement stores. Doc. No. 26 (First Amended Complaint ("FAC")) ¶ 2. Plaintiff alleges that Lowe's employs CSRs in call centers such as the one in Wilkesboro, North Carolina where she worked as a full-time employee. *Id*. ¶¶ 3–6. Plaintiff and her fellow CSRs "regularly work up to forty (40) or more hours in a workweek, and generally work five (5) shifts in a single week." *Id*. ¶ 55. However, "Plaintiff and other CSRs sometimes worked less than 40 hours in a workweek." *Id*. ¶ 60.

Plaintiff's claims relate to allegedly uncompensated time spent by CSRs at the beginning of their work shift and, if they are logged out of their computers, after their lunch break. *Id*. ¶¶ 6-7, 40-43. Plaintiff alleges that Defendant requires CSRs to use multiple computer programs, servers, and applications in the course of performing their job responsibilities and to have all of those programs up and running first, so they can begin taking calls from customers as soon as they are "on the clock." *See Id*. ¶ 38. More specifically, the FAC alleges that CSRs must turn on their computer and wait for Microsoft Windows to load, then enter a username and password. Once logged into Microsoft Windows, the CSRs must then load and log into all of their work programs. This allegedly includes, but is not limited to, opening the following eight computer programs in chronological order: Siebel (information regarding Defendant's customers); Sterling (information regarding customer purchases); Main Frame (an inventory program); Genesis (stock, pricing, and inventory information); Microsoft Outlook, Word, and Excel; Lowe's instant messaging system; Documents Direct, Teradata, and Receipt Look Up (customer receipts and related data); Click (delivery status information); and, finally, Kronos (the computerized time keeping system used to track CSRs' compensable time). *See*, FAC ¶ 37.

Plaintiff alleges that she and other CSRs spend between nine (9) to seventeen (17) minutes loading and logging into essential computer programs before they are able to log into the timekeeping system and begin getting compensated. *Id*. ¶ 39. Moreover, when CSRs are required to redo the log-in process when CSRs returned from their one hour lunch period (because of the computer's automatic log out function), this results in an additional nine to seventeen minutes of off-the-clock work. *Id*. In sum, Plaintiff alleges that she and the other CSRs must perform a minimum of nine minutes of off-the-clock work per day, or forty five (45) minutes per week. *Id*. ¶ 56.

Based on these detailed allegations, Plaintiff asserts an unpaid overtime claim under the FLSA for any workweek in which the additional uncompensated time would have caused her and the other CSRs to work over 40 hours for the week. *See* FAC, Count I. Also, she asserts claims under the NCWHA and for breach of contract and unjust enrichment for uncompensated computer log in time in weeks in which she and the other CSRs were paid for less than 40 hours, which she refers to as "gap time." *See* FAC, Counts II, III and IV. Plaintiff seeks to bring her FLSA claim as a collective action and her NCWHA, breach of contract, and unjust enrichment claims as a class action under Rule 23 of the Federal Rules of Civil Procedure. *Id.* ¶ 1.

### III. DISCUSSION

In the present motion, Lowe's does not seek to dismiss Count I of the Amended Complaint, but raises two challenges to each of Counts II, III and IV. First, it argues that those claims are "preempted" by the FLSA because the FLSA is the sole claim that Plaintiff can assert for the recovery of unpaid overtime wages. In response, Plaintiff says that Counts II, III and IV do not seek recovery of overtime wages, but rather only "gap time" wages, which she alleges she is entitled to pursue in addition to her FLSA overtime claims. This issue can thus be easily resolved.

In their respective briefs, the parties each agree that Plaintiff cannot recover overtime wages under her NCWHA, breach of contract or unjust enrichment counts, but that she is not barred by the FLSA from seeking compensation for unpaid "gap time" under those claims. Accordingly, in light of Plaintiff's representation that she is only pursuing "gap time" wages under the challenged claims, it appears that there is no longer any dispute that those claims are not preempted by the FLSA.[1]

---

[1] The Court declines Defendant's invitation to "dismiss" the claims to the extent that the claims could be construed to seek overtime compensation, notwithstanding Plaintiff's representation to

4

Lowe's second attack against Counts II, III and IV is that they all fail to sufficiently allege a "plausible" claim for relief. In beginning its discussion on these arguments, the Court will first address Defendant's characterization of the governing standard of "plausibility," which appears to unduly raise the pleading threshold for Plaintiff's claims. In *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), which both parties agree that the Court should look to for guidance in deciding Defendant's motion, *see* Doc. No. 34 at 4, the court explained the proper analysis for whether a pleading is sufficient to avoid a motion to dismiss as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *E.I. du Pont de Nemours*, 637 F.3d at 440; *see also Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998) (explaining that federal "pleading standards require the complaint be read liberally in favor of the plaintiff").
>
> To survive a motion to dismiss, Plaintiffs' factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Although it is true that "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Wright*, 787 F.3d at 263 (internal quotation marks and citations omitted). Thus, we have emphasized that "a complaint is to be construed liberally so as to do substantial justice." *Id.*

DirectTV, 846 F.3d at 765. Accordingly, construing the complaint "liberally," the Court must determine if the FAC gives the Defendant "fair notice" of the nature and grounds of the Plaintiff's claims and whether, taking its allegations as true, it is "plausible on its face." As discussed below,

---

the contrary. It is sufficient for the Parties and the Court to litigate this action based on Plaintiff's binding representation without the complication of a partial dismissal of a claim.

5

the Court finds that Plaintiff has properly alleged a plausible claim under each of the counts of her Amended Complaint.

### A. NCWHA Claim (Count II)

Lowe's argument that Plaintiff has not sufficiently alleged her claim under the NCWHA is based on its contention that Plaintiff has not particularly described the "gap time" wages she seeks to recover under that statute. Specifically, Lowe's claims that her allegation that CSRs "sometimes worked less than 40 hours in a workweek" fails to properly identify when Plaintiff and the other CSRs worked fewer than 40 hours. However, the Fourth Circuit has explicitly rejected a requirement that the Plaintiff identify specific workweeks where the off- the-clock work occurred. *See*, *DirectTV,* 846 F.3d at 777 (holding "we emphasize that the standard we today adopt does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours. Rather, this standard is intended 'to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible.'").

The Court finds that Plaintiff has more than met the standard for describing a plausible claim. Lowe's cannot credibly argue that it lacks "fair notice" of the nature and grounds of the Plaintiff's NCWHA claims. Indeed, it is required to keep payroll records that indicate exactly when its CSRs work more than 40 hours and less than 40 hours a week. Further, in *DirectTV,* the court (while noting that "[c]ourts are divided as to the level of detail an FLSA overtime claimant must provide to overcome a Rule 12(b)(6) motion to dismiss") specifically adopted the "more lenient approach," holding that "a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Id*. at 776-777. More specifically:

6

> A plaintiff may meet this initial standard "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility." *Landers*, 771 F.3d at 645 (emphasis added) (citing *Pruell,* 678 F.3d at 14); *see also Davis*, 765 F.3d at 243 (explaining that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice" (emphasis in original)).

*Id*. The same pleading standard of course applies to claims that a Plaintiff worked less than 40 hours a week but was not fully compensated for her working time.

Here, Plaintiff has not merely alleged that she sometimes worked less than a 40 hour week, she has alleged with specificity the necessary computer work that CSRs are required to do that is uncompensated and the length of uncompensated time for each shift (nine to seventeen minutes each time a CSR is required to log into her computer). She has further alleged her hourly rate of pay and the range of hourly pay for other CSRs. Therefore, although Plaintiff and the putative class may ultimately be unable to substantiate their allegations through discovery, they have sufficiently alleged a plausible claim under N.C.G.S. § 95-25.6 and N.C.G.S. § 95-25.8 for unpaid gap time.

### B.    Breach of Contract Claim (Count III)

The grounds for Defendant's claim that Plaintiff fails to state a claim upon which relief may be granted on her breach of contract claim is that Plaintiff has allegedly failed to plead that there has been an "offer and acceptance" or a "meeting of the minds" sufficient to form a contract. See Doc. No. 31 at 13. In response, Plaintiff points the Court to her allegations that (1) Defendant promised to pay Plaintiff and the proposed class at a pre-established (contractual) hourly rate in consideration for the work duties Plaintiff and the class performed for Defendant, FAC ¶¶ 107-108; (2) Plaintiff and the class accepted the terms of Defendant's contractual promises and

7

performed under the contract by doing their jobs, *id.* ¶ 110; and (3) by not paying Plaintiff and every other class member the agreed upon hourly wage for all hours worked, Defendant breached the contract. *Id.* ¶ 111. (*See also* ¶¶ 61-69 of the FAC, which allege that in March 2015, Defendant offered Plaintiff the opportunity to work for Defendant as a CSR and promised to pay her an hourly wage of $15.99 for all hours worked in consideration of such services; Plaintiff accepted Defendant's offer and began working for Lowe's as a CSR and Lowe's breached the alleged employment contract by not paying Plaintiff her hourly rate of pay for the pre-shift and mid-shift off-the-clock work described in the FAC). Accordingly, Plaintiff argues that she has alleged an offer, acceptance, and consideration sufficient to state a claim for breach of contract.

The Court agrees with Plaintiff. By its argument that Plaintiff has not sufficiently alleged that the parties agreed on the "specific work activities required" or "how the parties' mutual understanding of these terms was manifested," Lowe's in effect asks the Court to find – as a matter of law – that no employment contract was created by its job offer to Plaintiff of a CSR position at a specific hourly wage and Plaintiff's beginning of employment. Instead, Lowe's claims that to form an employment contract it was necessary for the parties to first fully bargain over and document all the work activities that would be included in the CSR position, including, presumably, Lowe's contention that Plaintiff agreed (before beginning work) to work for free with respect to the time CSRs were required to spend logging on to their computers. However, whatever the ultimate merits of Lowe's characterization of the terms of the parties' contract might be, it is not a basis to find that Plaintiff has not sufficiently alleged a breach of her version of the contract.[2] Therefore, the Court finds that Plaintiff has adequately pled a claim for breach of contract.

---

[2] The Court further notes that Plaintiff's allegation of an employment contract arising from a Lowe's employment offer and her acceptance by performing her job is fully consistent with

### C. Unjust Enrichment Claim (Count IV)

As an alternative to her breach of contract claim, Plaintiff has alleged a claim for unjust enrichment in Count IV of the Amended Complaint. Under a claim for unjust enrichment, a plaintiff must plead and establish: (1) a measurable benefit was conferred on the defendant; (2) the defendant consciously accepted that benefit; and (3) the benefit was not conferred officiously or gratuitously. *Chamberlain v. Securian Fin. Grp., Inc.*, 180 F. Supp. 3d 381, 406 (W.D.N.C. 2016). *See also Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 165–66 (4th Cir. 2012) ("A plaintiff asserting unjust enrichment must demonstrate the following three elements: (1) he conferred a benefit on [the defendant]; (2) [the defendant] knew of the benefit and should reasonably have expected to repay [the plaintiff]; and (3) [the defendant] accepted or retained the benefit without paying for its value.") (internal citations omitted).

Lowe's challenges this claim on several grounds. First, Lowe's argues that there are insufficient allegations that it "knew" it was accepting a benefit from the Plaintiff. Plaintiff in turn alleges that Lowe's knew of the benefit because Lowe's established the timekeeping system and mandated the order in which the CSRs logged in to their computers (with the logging in to the timekeeping system being done last rather than first). Lowe's claims this argument "makes no sense." Again, the Court disagrees with Lowe's and rather finds that it is Lowe's contention that is off the mark. It is plainly at least "plausible" that in setting up the computer log-in process (as it is alleged by Plaintiff) Lowe's had knowledge of the obvious fact that CSRs would need to spend

---

Lowe's earlier representations and arguments to this Court in another pending matter, *Danford v. Lowe's*, Case No. 5:19-cv-0004. *See* Doc. No. 191-1 at 4. ("Each of the 94 opt-ins at issue proceeded to accept their offers of employment by performance, either by beginning employment with Lowe's in the first instance, or by accepting a new position with Lowe's."). The Court has already accepted Lowe's position in that other case. *Id*. at Doc. No. 194.

time logging into eight other programs prior to "clocking in." Indeed, it is implausible to think otherwise. Thus, accepting the allegations of the Amended Complaint as true, as is required, Plaintiff has sufficiently alleged that Lowe's knew that it was getting the benefit of CSRs taking time to log into their computers prior to being paid for their work.

Second, Lowe's argues that Plaintiff has not shown that it would be unfair or inequitable to allow Lowe's to retain the benefit of the CSRs' unpaid work on its behalf. This argument merits little discussion. If, as alleged, the CSRs were not fully paid for their time spent working for Lowe's then it would be both unfair and inequitable for Lowe's not to compensate the CSRs for their work. *See, e.g., Meller v. Wings Over Spartanburg, LLC*, 2:15-CV-2094-PMD, 2016 WL 1089382, at *4 (D.S.C. Mar. 21, 2016) (denying Defendants' motion to dismiss as to Plaintiffs' unjust enrichment claim " to the extent that claim seeks tips paid to expeditors in excess of the [FLSA's] minimum wage requirements.").

Finally, Lowe's contends that the Court should dismiss Plaintiff's unjust enrichment claim because she is "equitably estopped" from making the claim because she allegedly "accepted" Lowe's practice of not paying CSRs for all their computer log in time. This argument is unpersuasive for at least two reasons. First, "estoppel" is an affirmative defense that does not challenge whether Plaintiff has pled the elements of her claim and is more appropriately raised in an answer. Second, whether Plaintiff "waited too long" to assert her claim involves application of the relevant statute of limitations, another affirmative defense. Therefore, the Court will not dismiss Plaintiff's unjust enrichment claim based on Plaintiff's alleged failure to timely complain about Lowe's alleged unlawful conduct.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Counts II, III and IV of the First Amended Complaint (Doc. No. 30) is **DENIED;**

2. Defendant shall answer the allegations of the Amended Complaint within 14 days of the date of this Order;

3. Within 21 days of the date of this Order, the parties shall hold their initial attorneys' conference and file with the Court a proposed Case Management Order; and

4. This case shall proceed to discovery and further proceedings on the merits of Plaintiff's claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 5, 2020

Kenneth D. Bell
United States District Judge