# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| MISTY MARTIN, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S COMPANIES, INC., <br><br> Defendant. | Civil Action No. 5:20-cv-00015-KDB-DCK <br><br> **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |

Plaintiff Misty Martin and Defendant Lowe's Companies, Inc. (together, "the Parties"), by and through undersigned counsel, jointly move that this Court enter an Order approving the Parties' settlement agreement to resolve the captioned action. In the action, Plaintiff asserts claims for alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act"), the North Carolina Wage and Hours Act, N.C.G.S. §§ 95-25.1, *et seq*., and common law claims for breach of contract and unjust enrichment. In support of their joint Motion, the Parties state as follows:

1. On February 14, 2020, Ms. Martin brought this action against Lowe's, alleging that she was a full-time hourly Lowe's employee who worked as a customer service representative at a call center in Wilkesboro, North Carolina. Ms. Martin alleged that she and other similarly situated CSRs spent unreported time before their shifts and when returning from breaks logging into various computer systems before they could "clock-in" through Lowe's computerized timekeeping software. *See generally* First Amended Complaint, ECF 26.

2. Lowe's position is that Plaintiff's allegations lack a good faith basis in fact, including because Lowe's does not use a computer-based timekeeping system at its contact center but instead utilizes a telephone-based timekeeping system that does not require employees to log in to computer programs before punching in.

3. Ms. Martin maintains that Lowe's required her to log in to her computer before she could clock in. Furthermore, she maintains the phone system, which is linked with the Kronos computer system, was indeed a computer system. Ms. Martin maintains she did not clock in before opening her other computer programs because Defendant required her to be prepared to field calls the moment she clocked-in.

4. On October 15, 2020, the Parties reached an agreement to settle Ms. Martin's individual claims against Lowe's for $1,750.00 to Ms. Martin and $7,500.00 to her counsel for a total of $9,250.00. Ms. Martin will not pursue claims on behalf of the putative class or collective.

5. The Parties have agreed to settle the lawsuit on terms and conditions that they have reduced to writing in the Settlement Agreement attached hereto as **Exhibit A**. The Fourth Circuit has not yet declared whether settlements of FLSA disputes must be approved by the District Court. In light of a split of authority on the issue, however, and out of an abundance of caution, the Parties are submitting this Settlement Agreement to the Court for its review and approval. *See Duprey v. Scotts Co. LLC*, 30 F. Supp.3d 404, 407 n. 2 (D. Md. 2014) (surveying cases on the issue whether court approval of a settlement of an FLSA claim is required).

6. The Parties acknowledge that the settlement of their dispute is the result of a *bona fide* compromise of a *bona fide* controversy on a variety of factual and legal issues arising under the FLSA.

7. The Parties further represent that the settlement memorialized in their written settlement agreement fully reflects their *bona fide* compromise. That agreement is fair and reasonable when judged in light of the following factors deemed relevant when reviewing FLSA settlements: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *Duprey*, 30 F. Supp.3d at 409.

8. With respect to the factors enumerated above:

(1) Discovery has not commenced and the parties have not exchanged initial disclosures;

(2) The case remains at an early stage, as discovery has not yet begun;

(3) There is no fraud or collusion in the settlement;

(4) Ms. Martin's counsel has more than 10 years' experience practicing law and regularly represents employees asserting claims under the FLSA;

(5) Counsel for Ms. Martin and Lowe's believe that the settlement proposed is in the best interest of all Parties; and

(6) The proposed settlement reflects that Ms. Martin's claims for unpaid "off-the-clock" overtime compensation have a limited potential recovery because of significant factual disputes that may impair her likelihood of success.

9. The proposed settlement agreement includes a provision for payment of attorneys' fees, which Ms. Martin's counsel has agreed to accept in light of the facts and circumstances of the case.

10. Should the Court approve the settlement agreement, the Parties will enter a Stipulation of Dismissal with Prejudice of this action, as required by the settlement agreement.

**WHEREFORE,** Plaintiff Misty Martin and Defendant Lowe's Companies, Inc. jointly move that this Court review their proposed settlement agreement and enter an Order approving the agreement.

Respectfully submitted this 13th day of November, 2020.

<div style="display: flex;">
<div style="flex: 1;">

*/s/ Charles R. Ash*
Kevin J. Stoops (*admitted pro hac vice*)
Charles R. Ash (*admitted pro hac vice*)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248.355.0300
kstoops@sommerspc.com
crash@sommerspc.com

James J. Mills, NC Bar No. 36529
BURNS, DAY & PRESNELL, P.A.
2626 Glenwood Avenue, Suite 560
Raleigh, North Carolina 27608
Telephone: 919.782.1441
jmills@bdppa.com

*Counsel Misty Martin and the Putative Class/Collective Action Members*

</div>
<div style="flex: 1;">

*/s/ Jason C. Schwartz*
Jason C. Schwartz (*admitted pro hac vice*)
Molly T. Senger (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwarz@gibsondunn.com
msenger@gibsondunn.com

Karl G. Nelson (*admitted pro hac vice*)
Collin D. Ray (*admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross, Ave., Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2945
knelson@gibsondunn.com
cdray@gibsondunn.com

Adam K. Doerr
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tyron St., Ste. 1900
Charlotte, NC 28246
Telephone: 704.377.2536
adoerr@robinsonbradshaw.com

*Counsel for Lowe's Companies, Inc.*

</div>
</div>

## CERTIFICATE OF SERVICE

I certify that on November 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

<div style="text-align: right;">

*/s/ Jason C. Schwartz*
Jason C. Schwartz
*Counsel for Lowe's Companies, Inc.*

</div>